CONCURS IN PART, AND DISSENTS IN PART, SAYING:
 {¶ 48} I agree with the decision of the majority to reverse the trial court's judgment on Appellant's first assignment of error. However, I would overrule Appellant's third, fourth and fifth assignments of error.
 {¶ 49} The majority characterizes the trial, by both sides, as improperly focusing on an alleged justification for the intentional physical actions of the individual employees. This would have been correct if the store employees had been the aggressors in apprehending a shoplifter. The initial acts of the employees were to confront a shoplifter. This would not have been against store policy. Once verbal confrontation was made, it was the individual who became the aggressor. Once the individual became the aggressor, the employees were no longer trying to apprehend a shoplifter. The store employees and the passerby did not have an *Page 22 
opportunity to disengage per the store policy. The jury could have found, and they apparently did, that they were either attempting to restrain an aggressor for the police or defending themselves from further attack. *Page 1